Filed 3/21/23  Kendrick v. Wyckoff CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In the matter of the Taillefer Living Trust Dated August 19, 1999, | |
| EDWARD KENDRICK, as Administrator, etc., et al.<br><br>  Plaintiffs and Respondents,<br><br>v.<br><br>JOSEPH THOMAS WYCKOFF,<br><br>  Defendant and Appellant. | A165494<br><br>(Mendocino County Super. Ct. No. 22PR00009) |

MEMORANDUM OPINION[1]

Joseph Wyckoff, in propria persona, appeals from a probate court order, which confirmed the validity of the First Amendment to the Taillefer Living Trust dated January 6, 2015 ("Trust") and specifically found Wyckoff's time to contest the Trust had expired.  Among his many contentions, Wyckoff argues that the court erred in ruling his contest was untimely.  He contends the Probate Code section 16061.7 notification issued by the trustee was

---

[1]     We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

incomplete and invalid and thus failed to trigger the period for him to bring an action to challenge the Trust. We cannot conclude the trial court erred.

As a preliminary matter, we note that while Wyckoff is representing himself, he is not exempt from compliance with the rules governing appeals. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.) A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than litigants represented by counsel. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245–1247.)

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "[T]he burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

"It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Generally, appellants in ordinary civil proceedings must provide a reporter's transcript. (*Foust v. San Jose Construction Co. Inc.* (2011) 198 Cal.App.4th 181, 186.) In lieu of a reporter's transcript, an appellant may submit an agreed or settled statement. (Cal. Rules of Court, rule 8.137; *Leslie v. Roe* (1974) 41 Cal.App.3d 104, 108.) "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant

2

who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)  " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson, supra*, 5 Cal.5th at p. 609; *see also Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

Wyckoff has failed to provide an adequate record for meaningful appellate review.  Specifically, he has not provided a reporter's transcript or settled statement of the proceedings giving rise to the order he appeals.  While Wyckoff's Notice Designating Record on Appeal requested that a copy of the reporter's transcript be provided in electronic format for the proceedings that occurred on February 25, 2022; March 18, 2022; and April 21, 2022, the superior court clerk notified him that no court reporter or electronic recorder was used at any of those hearings.  In addition, there is no indication in the record that Wyckoff sought but was unable to obtain a settled statement pursuant to California Rule of Court, rule 8.137.

We have located in the available record the court's minutes for each of the three proceedings for which no reporter's transcript or settled statement was provided.  These minutes, however, do not supplant Wyckoff's obligation to provide a reporter's transcript or settled statement, and their limited scope only underscores our inability to meaningfully review the issues Wyckoff raises on appeal with the available record.  For the proceeding on March 18, 2022, the minutes include only high-level summaries of the parties' respective positions on the disputed issues of the validity of the trustee notification and timeliness of Wyckoff's contest, and they further indicate the setting of an evidentiary hearing for April 21, 2022.  The minutes from that April 21, 2022 proceeding provide: "Court states with regards to Mr. Wyckoff

3

petition, the court rules the statute of limitation has expired." Beyond this, there is no additional information on the timeliness matter. Neither the minutes nor other documents in the record can fill the gaps caused by the absence of a reporter's transcript or settled statement.

Without a proper record of the proceedings – especially the April 21, 2022 proceeding that was set to be an evidentiary hearing – we cannot determine what, if any, evidence was presented to the court bearing on the validity of trustee notification or the timeliness of Wyckoff's contest. Without a record of any evidence received at the April 21, 2022 hearing or any other proceeding, we must presume the evidence supports the trial court's findings and its resulting orders were appropriate based on those findings.[2]

The judgment is affirmed. The parties are to bear their own costs on appeal.

---

[2] At the conclusion of his opening brief, Wyckoff indicates that "[a] writ of supersedeas has separately been requested" to stay the sale of certain real property, one of the Trust assets.

This court's October 13, 2022 order informed Wyckoff that his initially submitted opening brief did not comply with the applicable rules of court on content and submission and directed Wyckoff to refile a corrected brief. The same order also noted Wyckoff's apparent request for a temporary stay of certain real property and directed him as follows: "If appellant seeks a stay, he must file a separate petition for writ of supersedeas that complies with rules 8.112 and 8.116."

On July 25, 2022, shortly after the filing the notice of the appeal and approximately three months before our October 2022 order, this court received a petition submitted by Wyckoff requesting the immediate and temporary stay of certain real property "as in a writ of supersedeas." However, that petition was not in compliance with the applicable rules of the California Rules of Court for writs of supersedeas nor was it subsequently corrected following this court's October 13, 2022 order. We direct the clerk to file the July 25, 2022 petition, and we deny it.

4

_____

Petrou, J.

WE CONCUR:


_____

Fujisaki, Acting P.J.


_____

Rodríguez, J.


A165494/*Kendrick, et al., v. Wyckoff*

5